**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| STORYBOOK RESIDENTIAL, LLC, | Case No.: 2:25-cv-01605-APG-DJA |
| Plaintiff | **Order Granting Defendants' Motion To Dismiss** |
| v. | |
| ALLEGION U.S. HOLDING III, INC., et al., | [ECF No. 17] |
| Defendants | |

In 2017, StoryBook Residential, LLC, the owner of a multi-family apartment building, purchased a commercial lock system from defendants Allegion US Holding III, Inc. and its affiliate, Schlage Lock Company, LLC, for its apartment building. ECF No. 1-1 at 5-6. StoryBook believed these locks should last fifteen to twenty years. *Id.* at 7.  The defendants represented to StoryBook that the lock system would work and be supported for the foreseeable future. *Id.* at 6.  But StoryBook alleges that the defendants intended to discontinue technical support and parts production for the system within three years, rendering it obsolete. *Id.*  In 2023, StoryBook noticed problems with the locking system and its associated key-fob hardware. *Id.*  It contacted the defendants and purchased a second lock system on the defendants' representation that the new system's battery would cover a year of normal use. *Id.*  As with the initial system, the new locks were deficient. *Id.* at 6-7.  The new system's battery life quickly depleted, which locked StoryBook's tenants out of their homes. *Id.*  StoryBook alleges that the defendants knew that these new locks were defective when they sold them to StoryBook. *Id.* at 6.

StoryBook brings two claims against the defendants.  First, it argues the defendants are liable for fraud in the inducement for intentionally misrepresenting the "nature, viability, lifespan and support available" for both lock systems on which it "reasonably and justifiably relied" when

purchasing them. ECF 1-1 at 7.  Second, it brings a fraudulent concealment claim, alleging the defendants concealed material facts about both lock systems' defects.  The defendants move to dismiss, arguing that StoryBook failed to meet the heightened pleading standard under Federal Rule of Civil Procedure (FRCP) 9(b) and failed to state a claim under FRCP 12(b)(6).  I dismiss both claims but grant StoryBook leave to amend.

## I.       DISCUSSION

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe them in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017).  However, I do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017).

To withstand a motion to dismiss, a complaint must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.  Instead, the complaint must include "a short and plain statement of the claim" that shows the plaintiff "is entitled to relief" and gives the defendants "fair notice of what the claim is and the grounds upon which it rests." *Id.* (simplified).

"In alleging fraud or mistake, Rule 9(b) requires a party to state with particularity the circumstances constituting fraud or mistake, including the who, what, when, where, and how of the misconduct charged." *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (simplified).  Additionally, a plaintiff alleging the defendant made a misrepresentation "must set forth what is false or misleading about a statement, and why it is false." *Id.* (simplified).  In sum, it "must provide enough detail to give [the defendants] notice of the particular misconduct which

is alleged to constitute the fraud charged so that [they] can defend against the charge and not just deny that [they have] done anything wrong." *Id*. at 999 (simplified).  The plaintiff is "not required to allege facts that are peculiarly within the opposing party's knowledge," and allegations "based on information and belief may suffice, so long as the allegations are accompanied by a statement upon which the belief is founded." *Nayab v. Cap. One Bank (USA), N.A.*, 942 F.3d 480, 493-94 (9th Cir. 2019) (quotation omitted).  In "a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme" "and inform each defendant separately of the allegations surrounding his alleged participation in the fraud."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (per curiam) (simplified).

I must "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). I apply this policy "with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted).  I consider "five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

**A. The economic loss doctrine does not bar StoryBook's claims.**

As an initial matter, the parties dispute whether StoryBook's claims are barred by the economic loss doctrine.  The doctrine "bars unintentional tort actions when the plaintiff seeks to recover purely economic losses," which are "defined as the loss of the benefit of the user's bargain . . . including . . . the cost of repair and replacement of a defective product, or consequent loss of profits, without any claim of personal injury or damage to other property." *Terracon Consultants W., Inc. v. Mandalay Resort Grp.*, 206 P.3d 81, 83, 86 (Nev. 2009) (en banc)

(simplified). "Intentional torts are not barred by the economic loss doctrine." *Halcrow, Inc. v. Eighth Judicial Dist. Ct.*, 302 P.3d 1148, 1154 n.2 (Nev. 2013) (en banc). Both of StoryBook's claims are intentional torts, so they are not barred by the economic loss doctrine. *See Aliya Medcare Fin., LLC v. Nickell*, 156 F. Supp. 3d 1105, 1122 (C.D. Cal. 2015) (holding that the economic loss doctrine does not bar a claim for fraudulent inducement under Nevada law).

**B. I dismiss StoryBook's fraud in the inducement claim.**

StoryBook's fraud in the inducement claim alleges that the defendants represented that the first set of locks was "suitable, working, and supported for the foreseeable future," even though the defendants planned to discontinue technical support for them during the sale to StoryBook. ECF No. 1-1 at 6. It also alleges that the defendants represented that the second lock system "had a battery life that would easily cover a year of normal use." *Id.* And StoryBook "is informed and believes that the Defendants were aware" that these second locks "consumed battery life much faster than represented." *Id.*

The defendants argue that StoryBook's fraud in the inducement claim does not meet the heightened pleading standard under FRCP 9(b) because it does not identify who made the representations, when they were made, their precise content, and the medium or context in which they were made. StoryBook responds that its complaint contains the required level of specificity.[1]

---

[1] StoryBook attached several exhibits to its response to the motion to dismiss, including emails between the parties, demand letters, and an affidavit from a StoryBook employee. I may consider documents outside of the complaint when they are incorporated by reference in the complaint or are matters of judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Storybook does not reference these exhibits in its complaint. Additionally, these affidavits, demand letters, and emails are not proper subjects of judicial notice because they are not "generally known" or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(1), (2); *see Ritchie*, 342

4

To state a claim for fraud in the inducement, StoryBook must plausibly allege: (1) the defendant made a false representation; (2) the defendant believed or knew that the representation was false (or knew that it had an insufficient basis for making the representation); (3) the defendant intended the false representation to induce StoryBook to consent to the contract's formation; (4) StoryBook justifiably relied on the misrepresentation; and (5) StoryBook was damaged as a result of such reliance. *J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1018 (Nev. 2004) (per curiam).

The complaint's fraud in the inducement claim fails Rule 9(b)'s heightened pleading standard. It does not allege who specifically made the representations, where they were made, or when they were made. It does not allege facts to support StoryBook's beliefs that the defendants planned to end support of the lock system during the initial sale to StoryBook or that years later they knowingly sold StoryBook defective locks. It also does not sufficiently allege the falsity of the defendants' representation that the new lock system's battery would last a year because the complaint does not allege when the batteries died relative to their installation. Finally, the complaint does not identify Allegion's and Schlage's separate roles in the fraud and instead treats them as one entity "with all substantive allegations referring to Defendants in the collective." *Claridge v. I-Flow Corp.*, No. 2:18-cv-01654-GMN-BNW, 2019 WL 4139433, at *5 (D. Nev. Aug. 30, 2019). Therefore, I dismiss this claim without prejudice.[2]

---

F.3d at 908-09; *Mendocino Ry. v. Ainsworth*, 113 F.4th 1181, 1188 n.6 (9th Cir. 2024). I therefore will not consider StoryBook's exhibits.

[2] The defendants also argue that, because StoryBook did not investigate the lock systems before purchasing them, StoryBook's reliance on the alleged representations was not justifiable. Justifiable reliance for a fraud claim "does not impose a duty to investigate absent any facts to alert the defrauded party his reliance is unreasonable." *Collins v. Burns*, 741 P.2d 819, 821 (Nev. 1987) (simplified). "The test is whether the recipient has information which would serve as a danger signal and a red light to any normal person of his intelligence and experience." *Id.* The

**C. I dismiss StoryBook's fraudulent concealment claim.**

StoryBook alleges the defendants fraudulently concealed material information regarding the lock systems, including their "planned discontinuation of technical and production support," the locks' "lower than projected lifespan," and "the existence of a known defect" in the replacement locks. *Id.* at 8. The defendants argue that this claim also fails Rule 9(b)'s pleading requirement and that there were no conditions that would give rise to a duty to disclose future internal plans or product defects.

To establish fraudulent concealment, a plaintiff must show:

> (1) the defendant concealed or suppressed a material fact; (2) the defendant was under a duty to disclose the fact to the plaintiff; (3) the defendant intentionally concealed or suppressed the fact with the intent to defraud the plaintiff . . . ; (4) the plaintiff was unaware of the fact and would have acted differently if she had known of the concealed or suppressed fact; (5) and, as a result of the concealment or suppression of the fact, the plaintiff sustained damages.

*Leigh-Pink v. Rio Properties, LLC*, 512 P.3d 322, 325-26 (Nev. 2022) (en banc) (quotation omitted).

StoryBook did not sufficiently plead that the defendants had a duty to disclose the alleged information. "With respect to fraudulent concealment, a duty to disclose arises from the relationship of the parties." *Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 110 (Nev. 1998), *overruled in part on other grounds by GES, Inc. v. Corbitt*, 21 P.3d 11 (Nev. 2001). "A duty to disclose may . . . arise where the parties enjoy a 'special relationship,' that is, where a party reasonably imparts special confidence in the defendant and the defendant would reasonably know of this confidence." *Id.* (quoting *Mackintosh v. Jack Matthews & Co.*, 855 P.2d 549, 553 (Nev. 1993)).

---

defendants do not argue that there was any information to alert StoryBook to investigate the defendants' representations, so this argument fails at this stage.

6

StoryBook has not sufficiently alleged that its relationship with the defendants went beyond a "straightforward vendor-vendee relationship, which, as a matter of law, creates no fraud-based duty to disclose." *Nev. Power Co. v. Monsanto Co.*, 891 F. Supp. 1406, 1417 (D. Nev. 1995) (simplified).

Nonetheless, StoryBook argues that the defendants had a duty to disclose because they omitted material facts regarding the lock systems while communicating with StoryBook. "Even when the parties are dealing at arm's length, a duty to disclose may arise from 'the existence of material facts peculiarly within the knowledge of the party sought to be charged and not within the fair and reasonable reach of the other party.'" *Dow Chem. Co*, 970 P.2d at 110 (quoting *Villalon v. Bowen*, 273 P.2d 409, 414-15 (Nev. 1954)). But again, StoryBook has not alleged with sufficient particularity that the defendants knew the relevant material facts at the time they allegedly concealed them from StoryBook. The complaint does not state the facts that support StoryBook's belief that the defendants planned to stop technical support and parts production of the initial lock system when they sold it to StoryBook. Nor does it state facts that support the belief the defendants knew the second lock system was defective with a lower battery life when they sold it to StoryBook. Therefore, dismissal is appropriate. *See Nayab*, 942 F.3d at 493-94; *Bontly v. Audi of Am., LLC*, No. 2:23-cv-02025-APG-EJY, 2025 WL 1555993, at *3-4 (D. Nev. June 2, 2025).

StoryBook's fraudulent concealment claim faces other problems under Rule 9(b). It does not state with particularity who concealed these material facts, when they concealed the facts, or in what context they did so. *Cf. Couturier v. Am. Invsco Corp.*, 10 F. Supp. 3d 1143, 1157 (D. Nev. 2014) (holding that a plaintiff sufficiently pleaded a fraudulent concealment claim under

Rule 9(b) by alleging the who, what, when, where, and how of the fraud).  I therefore dismiss without prejudice StoryBook's fraudulent concealment claim against the defendants.

Because it is not clear that amendment would be futile, I grant StoryBook leave to amend its complaint.  If StoryBook chooses to reassert its fraud in the inducement claim, it should be prepared to address the defendants' argument that their representations were unactionable puffery.

## II.    CONCLUSION

I THEREFORE ORDER that defendants Allegion US Holding III, Inc.'s and Schlage Lock Company, LLC's motion to dismiss **(ECF No. 17) is GRANTED**.

I FURTHER ORDER that plaintiff StoryBook Residential, LLC may file an amended complaint by August 5, 2026.  Failure to file an amended complaint by that date will result in this case being closed.

DATED this 6th day of July, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE